IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DORIAN DAMMER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-854 |
| | : | |
| **JUDGE D. TRAVAGLINE** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                             February 25, 2021

Dorian Dammer, currently detained in the Northampton County Jail, pro se alleges a Pennsylvania Magisterial District Justice violated her civil rights by allegedly depriving her of counsel in a landlord tenant civil matter. Ms. Dammer seeks to proceed in forma pauperis. We grant Ms. Dammer leave to proceed in forma pauperis and dismiss her complaint in its entirety.

**I.     Alleged facts**[1]

Ms. Dammer alleges, while detained in the Northampton County jail, she attended a February 5, 2021 court appearance before Magisterial District Judge Danielle Travagline.[2] Ms. Dammer alleges she "was hauled away from her cell to an unspecified courtroom" where she "was . . . thrown into a video court."[3] Ms. Dammer alleges an unidentified person "handed [her] faxed documents" dated February 4, 2021 and she began listening to Judge Travagline over the video link.[4] Ms. Dammer then realized she "was in court without an attorney" and requested an attorney.[5] Ms. Dammer alleges Judge Travagline told Ms. Dammer she did not need an attorney because she (Ms. Dammer) "is smart enough to handle the hearing."[6] Ms. Dammer alleges "Attorney Bolles" and "Plaintiff Dawn Brown . . . saw and heard" Judge Travagline's comment.[7]

Ms. Dammer now sues Judge Travagline in her official capacity alleging a deprivation of her constitutional right to counsel.[8] She asks us to: dismiss her case in the "municipal court"; "resuscitate" her "original hearing back to the beginning with the correctly served documents —

and that so I can have an attorney for my hearing"; and "want[s] [her] case/judgment dismissed at the Municipal [and] Common Pleas level."[9] Ms. Dammer concedes she did not file a grievance with the Jail.

The public docket confirms Ms. Dammer appeared before Judge Travagline at a February 5, 2021 Zoom hearing in a landlord-tenant dispute.[10] Ms. Dammer is the defendant in the landlord-tenant action brought by Dawn Brown, represented by attorney Jeremy Bolles.

## II.    Analysis

Ms. Dammer moved to proceed on her case without paying the filing fees.  We reviewed her motion and attached papers.  She is presently incarcerated with no income.  We grant her motion for leave to proceed *in forma pauperis*.

Having granted Ms. Dammer leave to proceed *in forma pauperis* as she is incapable of paying the fees to commence this civil action, we must study the sufficiency of her complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).[11] When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), we use the same standard used under Federal Rule of Civil Procedure 12(b)(6).[12] "'[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"[13] "We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff."[14] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[15]

"To state a claim under § 1983, a plaintiff [ (1) ] must allege the violation of a right secured by the Constitution and laws of the United States, and [ (2) ] must show that the alleged deprivation was committed by a person acting under color of state law."[16] Ms. Dammer fails to state a claim

under the first element because there is no constitutional right to counsel in a civil case like her landlord-tenant action.[17]

Even if she could state a claim under section 1983, Ms. Dammer's claims against Judge Travagline are without merit. Judges are entitled to absolute immunity under section 1983 for monetary damages arising from their judicial acts.[18] Our Court of Appeals directs a two-part test to determine whether judicial immunity is applicable: (1) "[a] judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "[a] judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[19] "[J]udges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity."[20]

Under the first prong of the test, we ask if the judge's challenged act is "judicial" in nature, that is, "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity."[21] Under the second prong, "[a] judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the 'clear absence of all jurisdiction.'"[22]

Ms. Dammer alleges Judge Travagline, during the hearing, denied a request for counsel. Rulings made during a hearing is a quintessential function of a judge in her judicial capacity. Ms. Dammer fails to allege facts suggesting Judge Travagline acted in the absence of jurisdiction. Judge Travagline is entitled to absolute immunity.  Ms. Dammer may challenge Judge Travagline's Orders through appeals in the state courts.

We dismiss Ms. Dammer's claims against Judge Travagline with prejudice. Any attempt by Ms. Dammer to amend would be futile. We need not permit a curative amendment where, as here, such an amendment would be futile.[23]

### III. Conclusion

We dismiss Ms. Dammer's Complaint with prejudice.

---

[1] We take the facts from Ms. Dammer's Complaint and the Commonwealth of Pennsylvania's dockets of which we may take judicial notice. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'") (quoting 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed.2004)).

[2] ECF Doc. No. 2, Complaint at ¶ IV.B.

[3] *Id.* at ¶ IV.D.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at ¶ I.B.

[9] *Id.* at ¶ VI.

[10] *Dawn Brown v. Dorian Dammer, aka Zoe Grey*, Magisterial District Judge 43-3-01, Docket Number MJ-43301-LT-0000004-2021.

[11] Section 1915(e)(2)(B)(ii) requires we screen *in forma pauperis* proceedings to "dismiss the case at any time if [we] determin[e] that – (B) the action … -- (ii) fails to state a claim on which relief may be granted …" 28 U.S.C. § 1915(e)(2)(B)(ii). We concern ourselves today with the sufficiency of the complaint's allegations based on federal statute, the claimed basis of our jurisdiction under 28 U.S.C. § 1331.

---

[12] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[13] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[14] *Id.*

[15] *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, * 4 (3d Cir. Apr. 27, 2020) (citing *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (September 19, 2011)).

[16] *Johnson v. Pennsylvania Dep't of Corr.*, No. 19-2624, 2021 WL 567802, at *2 (3d Cir. Feb. 16, 2021) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

[17] *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). *See also Walsh v. Munley*, 16-950, 2016 WL 3406429, at *3 (M.D. Pa. June 21, 2016) (citing *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 25-27 (1981) ("there is no constitutional right to counsel in a civil case like Plaintiff's underlying landlord-tenant case, where the indigent civil litigant's physical liberty is not at stake").

[18] *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Mireles v. Waco,* 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219, 225–27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)).

[19] *Gallas*, 211 F.3d at 768 (quoting *Mireles*, 502 U.S. at 11, 12).

[20] *Youst v. Lancaster City Bureau Police Dep't*, 20-3287, 2020 WL 6562073, at *3 (E.D. Pa. Nov. 9, 2020) (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000)).

[21] *Gallas*, 211 F.3d at 768-69 (quoting *Stump*, 435 U.S. at 362).

[22] *Gallas*, 211 F.3d at 769 (quoting *Stump*, 435 U.S. at 356-57); *Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam)).

[23] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008).